UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELDERICH THOMPSON (#252363)     CIVIL ACTION

VERSUS

N. BURL CAIN, WARDEN     NO. 06-0826-JJB-RLB

## O R D E R

This matter comes before the Court on the petitioner's Motion for Relief From Judgment, rec.doc.no. 31, brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. This Motion shall be denied.

Pursuant to Judgment dated April 9, 2008, rec.doc.no. 19, the above-captioned habeas corpus proceeding was dismissed by this Court. The petitioner filed an appeal from the Judgment of Dismissal and, pursuant to Mandate dated August 22, 2008, the United States Court of Appeals for the Fifth Circuit dismissed the petitioner's appeal. Now, more than 4½ years after issuance of the Fifth Circuit Mandate, the petitioner seeks to challenge, as legally erroneous, this Court's original determination that his habeas corpus application was untimely. Specifically, the petitioner asserts that he should be allowed to pursue his claim that he was provided with ineffective assistance of inmate counsel during initial-review collateral proceedings in state court, relying upon a recent decision of the United States Supreme Court, which decision he contends has called this Court's prior determination into question, see Martinez v. Ryan, ___ U.S. ___, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012).

The petitioner's argument is unavailing. Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitably enforceable, or has

effectively been overturned, or (6) any other reason that justifies such relief. The "any other reason" provision of Rule 60(b)(6) is the only potential basis for relief available to the petitioner in this case, and this provision is considered to provide the courts with a "grand reservoir of equitable power to do justice," see, e.g., Rocha v. Thaler, 619 F.3d 387 (5th Cir. 2010), cert. denied, __ U.S. __, 132 S.Ct. 397, 181 L.Ed.2d 255 (2011). This provision, however, is applicable only in "extraordinary circumstances" and "[s]uch circumstances will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).

The Fifth Circuit has held that "[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment" under Rule 60(b)(6). Bailey v. Ryan Stevedoring Co., 894 F.2d 157 (5th Cir.), cert. denied, 498 U.S. 829, 111 S.Ct. 89, 112 L.Ed.2d 61 (1990). "This rule applies with equal force in habeas proceedings." Adams v. Thaler, 679 F.3d 312 (5th Cir. 2012); Hernandez v. Thaler, 630 F.3d 420 (5th Cir. 2011). Further, in Adams v. Thaler, supra, the Fifth Circuit directly addressed the availability of Rule 60(b)(6) to challenge a final judgment in a habeas matter in reliance upon Martinez v. Ryan, supra, and the Adams Court determined that Rule 60(b)(6) is not available in such cases because the Martinez decision "does not constitute an 'extraordinary circumstance' under Supreme Court ... precedent to warrant Rule 60(b)(6) relief." Accordingly, the petitioner's motion in the instant case must be denied.

In addition to the foregoing, the Martinez v. Ryan decision does not provide any relief to the petitioner in the instant case. In Martinez, the Supreme Court issued a narrow holding which found that, under certain circumstances, ineffective assistance of counsel "at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel at trial." Id. The Martinez case, however, addressed the issue of procedural default and is not applicable to the petitioner's claims in the instant case which were determined to be untimely under federal law. See, e.g., Allen v. Cain, 2012 WL 5830562 (E.D. La., Nov. 16,

2012) (concluding that Martinez v. Ryan does not apply to claims which have been found to be untimely in light of the federal statute of limitations); Yow v. Thaler, 2012 WL 2795850 (N.D. Tex., June 20, 2012) (same). As such, the petitioner is not entitled to the relief requested in this case. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Relief From Judgment, rec.doc.no. 31, be and it is hereby **DENIED.** Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 25th day of April, 2013.

JAMES J. BRADY
**UNITED STATES DISTRICT JUDGE**